UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ULISES RAUL CAO,

        Petitioner,

v.                                                    Case No. 5:23-cv-273-WWB-PRL

WARDEN, FCC COLEMAN - LOW,

        Respondent.
_____

## ORDER

Petitioner, Ulises Raul Cao, initiated this action on May 1, 2023, by filing a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). The matter is before the Court for preliminary review under 28 U.S.C. § 2243, which provides that a court need not order a response if it is clear on the face of the petition that the petitioner is not entitled to relief.

In his Petition, Petitioner challenges the Bureau of Prisons' ("**BOP**") "refus[al] to allow/provide near to home transfer, [that] once done places Petitioner 20 miles from [his] mother." (Doc. 1 at 2). Petitioner raises four[1] grounds for relief: (1) the "BOP fail[ed] to afford [Petitioner] nearest to home transfer, in direct violation of congressional law(s) supporting it[,]" (2) a "Due Process violation, due to ground ONE[,]" (3) a "Cruel and

---

[1] The Court construes Petitioner's ground 5 as part of Petitioner's Request for Relief. To the extent Petitioner meant to raise it as a separate ground, the Court has considered it and determined Petitioner is not entitled to relief. If Petitioner seeks a reduction in his sentence due to retroactive changes to the United States Sentencing Guidelines, such a request should be directed to his sentencing court. *See* 18 U.S.C. § 3582(c)(2).

unusual punishment" violation for the BOP's "failure to provide the same treatment of law as given to others[,]" and (4) an "Equal protection clause violation" because "facts show that Petitioner is being treated in a disparite [sic] fashion" by not being transferred to a prison in Miami. (*Id*. at 6–8). As relief, Petitioner asks the Court to order the BOP to transfer him to "Miami Low" and "issue a judgment of Time Served, taking into account the benefit of the (2) level and reduction sentence modification as enacted by congress." (*Id*. at 8).

A writ of habeas corpus is the vehicle through which a prisoner challenges the execution of his sentence and through which he seeks immediate or speedier release. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) ("A prisoner sentenced by a federal court . . . may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations."). A challenge to the location of confinement, however, does not present a viable claim for relief under § 2241. *Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018).

Here, Petitioner claims a Due Process Violation for the BOP's failure to transfer him to a prison located within twenty miles of his mother. Importantly, a prisoner lacks a constitutionally protected liberty interest in his place of confinement. See *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Given a valid conviction, a criminal defendant may be confined in any prison within the prison system so long as the confinement conditions do not otherwise pose a constitutional violation. *Id*. at 224. The Supreme Court has held "the Due Process Clause in and of itself [does not] protect a duly convicted prisoner against

2

transfer from one institution to another." *Id*. at 225. Nor does a prisoner have the right to transfer to any institution that he chooses. *See id*.

Moreover, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). "Indeed, prison officials generally 'have the discretion to transfer prisoners for any number of reasons.'" *Williams*, 732 F. App'x at 812 (quoting *Meachum*, 427 U.S. at 228); *see also* 18 U.S.C. § 3621(b) (providing that the Bureau of Prisons "may at any time . . . direct the transfer of a prisoner" from one facility to another subject to considerations such as the resources of the facility, the nature of the offense, and the history and characteristics of the prisoner).

Since Petitioner has no constitutionally protected interested in his place of confinement, his Petition may be denied on that basis alone. Additionally, Petitioner has failed to provide any factual support for his claim of cruel and unusual punishment or his allegation that the BOP has violated the Equal Protection Clause by failing to transfer him to the prison he has requested.

Accordingly, it is now **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Orlando, Florida, on June 16, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

c: Ulises Raul Cao, #79013-004